# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARMANDO GUTIERREZ, #K57497, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−01478−SMY |
| | ) | |
| JOHN BALDWIN, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| WILLIAM A. SPILLER, | ) | |
| KENT BROOKMAN, | ) | |
| JASON HART, | ) | |
| WHIK COTTON | ) | |
| and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Armando Gutierrez, an inmate who is currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his discipline for gang activity at Menard. *Id*. Plaintiff claims that the defendants conspired to violate his rights under the Eighth and Fourteenth Amendments and Illinois state law. *Id*. He seeks monetary damages. (Doc. 1, p. 28).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally

---

[1] Plaintiff submitted an incomplete application for leave to proceed *in forma pauperis* ("IFP"). (Doc. 4). He was ordered to either prepay the full filing fee or file a complete IFP application by October 4, 2018. (Doc. 5). The Court warned Plaintiff that his Complaint would not be screened until he complied with the Order. *Id*. Prior to the deadline, Plaintiff filed a complete IFP application that was granted. (Docs. 6-7).

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court will also consider whether any claims are improperly joined in this action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: On or around August 27, 2015, Plaintiff received a disciplinary ticket for alleged violations of Department Rule ("D.R.") 504 prohibiting security threat group activity and D.R. 205 prohibiting gang activity. (Doc. 1, pp. 1-27; Doc. 1-1, pp. 3-4, 11). Officer Spiller issued the ticket based on information he received from a confidential informant who identified Plaintiff as an overseer for the Latin Folks gang. *Id*. Officer Spiller knew the information was false, but conspired with the Adjustment Committee to deprive Plaintiff of his constitutional rights. (Doc. 1, pp. 5-6, 9).

On September 3, 2015, Plaintiff was found guilty of gang activity in violation of D.R. 205 at an unfair Adjustment Committee hearing before Kent Brookman and Jason Hart. (Doc. 1, pp. 9-13; Doc. 1-1, pp. 11-12). He was punished with six months of contact visit restrictions and one year of segregation, C-grade status, and commissary restrictions. *Id*. Warden Kimberly Butler[2] approved the initial decision. *Id*.

---

[2] Plaintiff repeatedly refers to Kimberly Butler in the Complaint but does not identify this individual as a defendant in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

Plaintiff appealed, and the Administrative Review Board remanded the matter for further consideration of the evidence provided by the confidential informant. (Doc. 1, pp. 13-14). On remand, the Adjustment Committee reached the same decision. Warden Lashbrook concurred. (Doc. 1, p. 21). Warden Butler, Warden Lashbrook, and Director Baldwin were aware that false disciplinary tickets were routinely issued at Menard, but they chose to overlook the practice. (Doc. 1, pp. 7-8, 16-17).

Plaintiff served his punishment at Menard and Pontiac, where he was allegedly subjected to deplorable conditions in segregation. (Doc. 1, pp. 18-21). At Menard, the walls of his cell were covered in mold, feces, blood, and food. The plumbing was unreliable, and the water was dirty. Plaintiff was denied access to cleaning supplies, bedding, toilet paper, a toothbrush, and toothpaste at times. These conditions were documented by the John Howard Association, and Plaintiff also complained about them to Butler, Lashbrook, and Baldwin. Similar conditions[3] existed at Pontiac, where Lieutenant Whik Cotton and Warden John Doe ignored his complaints. (Doc. 1, pp. 21-25).

## Claims

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into the following enumerated Counts:

> **Count 1:** Fourteenth Amendment claim against Spiller, Brookman, Hart, Lashbrook and Baldwin for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with one year of segregation, C-grade status, commissary restrictions and six months of visitation restrictions for a false disciplinary ticket issued August 27, 2015.

---

[3] In addition to the same conditions he experienced at Menard, Plaintiff also complains about the denial of out-of-cell exercise, lack of law library access, and inadequate nutrition at Pontiac. (Doc. 1, pp. 21-25).

| | |
|---|---|
| **Count 2:** | Eighth Amendment claim against Lashbrook and Baldwin for subjecting Plaintiff to inhumane conditions of confinement in segregation at Menard. |
| **Count 3:** | Common law conspiracy claim against Spiller, Brookman and Hart for working together to deprive Plaintiff of his constitutional rights by punishing him for a false disciplinary ticket. |
| **Count 4:** | Intentional infliction of emotional distress claim against Spiller, Lashbrook and Baldwin for allowing Menard officials to routinely issue false disciplinary tickets against inmates, including Plaintiff. |
| **Count 5:** | Eighth Amendment claim against Lieutenant Whik Cotton and Warden John Doe for subjecting Plaintiff to inhumane conditions of confinement in segregation at Pontiac. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

### **Severance: Count 5**

As an initial matter, Plaintiff's claims are improperly joined in this action. The claims fall into two distinct groups: (1) claims arising at Menard (Counts 1 - 4) ("Menard claims"); and (2) claim arising at Pontiac (Count 5) ("Pontiac claim"). The two sets of claims involve different defendants, arise from separate transactions and occurrences, and share no common question of law or fact. Therefore, they cannot be joined in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Court has broad discretion under Federal Rule of Civil Procedure 21 when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). In this case, the Court will exercise its discretion and sever the Pontiac claim (Count 5) into a separate action with a newly assigned case number. Further, because the Pontiac claim focuses on events that occurred at a facility located in the federal judicial district for the Central District of Illinois, **the Clerk of Court will be directed to transfer the severed case to the Central District of Illinois for all further action, once the new case is opened.** 28 U.S.C. §§ 1391(b), 1404(a). Counts 1 - 4 shall remain in this action and are subject to preliminary review below.

**Merits Review: Counts 1 - 4**

**Count 1**

The Complaint articulates a colorable Fourteenth Amendment due process claim against Defendants Spiller, Hart, Brookman, Lashbrook and Baldwin. To succeed on this type of claim, a plaintiff must first show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Absent a protected interest, no due process protections attach.

A protected liberty interest arises when an inmate is subject to punishment that imposes atypical and significant hardships on him in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009)). Demotion to C-grade status, loss of commissary privileges, and loss of visitation privileges do not give rise to a protected interest. *Lekas v. Briley*, 405 F.3d 602, 605, 607-08, 613 (7th Cir. 2005). However, punishment with one year of segregation under the circumstances described in the Complaint may

5

trigger due process protections, including a hearing before an impartial Adjustment Committee. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).

Here, Plaintiff alleges that he was denied due process protections at his "unfair" disciplinary hearings before the Adjustment Committee. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Count 1 therefore survives screening against those defendants who were involved in his discipline, including Defendants Spiller, Hart, Brookman, Lashbrook and Baldwin.

**Count 2**

The Complaint also articulates a colorable Eighth Amendment conditions-of-confinement claim against Defendants Lashbrook and Baldwin. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions that deny inmates "the minimal civilized measure of life's necessities" and thus create an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A claim for unconstitutional conditions of confinement includes an objective and a subjective component. *Id*. at 834. To satisfy the objective element, a plaintiff must demonstrate that he was deprived of the minimal civilized measures of life's necessities. *McKinley v. Schoenbeck*, 731 F. App'x 511, 516 (7th Cir. 2018). To satisfy the subjective element, he must show that each defendant "knew of a substantial risk of serious injury . . . but nevertheless failed to take reasonable measures to prevent that harm from occurring." *Id*. (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)).

Plaintiff's allegations suggest that both Defendants Lashbrook and Baldwin were aware of and disregarded the conditions that Plaintiff endured in segregation at Menard. Accordingly, Count 2 will receive further review against these defendants and be dismissed without prejudice against all others.

**Count 3**

Plaintiff's allegations do not support a civil conspiracy claim against the defendants. To establish liability for a § 1983 conspiracy, a plaintiff must show that (1) the individual defendants reached an agreement to deprive him of his constitutional rights; and (2) overt acts taken in furtherance of the conspiracy actually deprived him of those rights. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (citing *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). Although no express agreement is required, the participants must share a general conspiratorial objective, even if they do not know the details of the plan or share the same motives. *Cooney v. Casady*, 725 F.3d 514, 518 (7th Cir. 2013). However, allegations of a conspiracy are routinely held to a higher pleading standard than other allegations. *See Geinosky v. City of Chicago*, 675 F.3d 743, 740 (7th Cir. 2012) (citing *Twombly*, 550 U.S. at 556). Specifically, under *Twombly*, the Complaint must allege a "plausible account" of a conspiracy. *Id.* Plaintiff's conclusory allegations are not enough to support a claim in Count 3. Accordingly, this claim will be dismissed without prejudice.

**Count 4**

Plaintiff's claim for intentional infliction of emotional distress arises under state tort law, not federal constitutional law. Although the Court has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a), it does not survive screening in this case. The claim has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th

Cir. 2006); *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Plaintiff's allegations do not satisfy any of these elements.

Plaintiff does not suggest that the defendants engaged in extreme and outrageous conduct or knew that his or her conduct would, in fact, cause plaintiff to suffer severe emotional distress. Further, Plaintiff does not describe any emotional distress that he suffered as a result of the disciplinary action. Therefore, Count 4 does not survive screening and will be dismissed without prejudice.

**Pending Motion**

Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff does not clear the first hurdle because he has not demonstrated reasonable efforts to locate counsel before seeking the Court's assistance. He mentions writing several attorneys but produces no copies of letters and provides no details regarding the content of them. Further, he points to no impediments to *pro se* litigation of this straightforward case, such as any educational, language, mental health, or medical barriers. Although the motion is denied, Plaintiff may renew his request for counsel at any time during the pending action, after demonstrating reasonable efforts to first locate counsel on his own.

**Disposition**

IT IS HEREBY ORDERED that **COUNT 5** directed against Defendants **LIEUTENANT WHIK COTTON** and **WARDEN JOHN DOE** is **SEVERED** into a new case, which shall be captioned: **ARMANDO GUTIERREZ, Plaintiff vs. LIEUTENANT WHIK COTTON** and **WARDEN JOHN DOE, Defendants**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 4 and 6);
3) This Memorandum and Order Severing Case and Directing Transfer.

**IT IS FURTHER ORDERED** that once the new case is opened, the Clerk of Court is **DIRECTED** to **TRANSFER** the case to the United States District Court for the Central District of Illinois for all further action. *See* 28 U.S.C. §§ 1391(b), 1404(a).

**IT IS ORDERED** that the **only claims remaining in this action** are **COUNTS 1 - 4**, and the Clerk of Court is **DIRECTED** to caption this case: **ARMANDO GUTIERREZ, Plaintiff vs. JOHN BALDWIN, JACQUELINE LASHBROOK, WILLIAM A. SPILLER, KENT BROOKMAN** and **JASON HART, Defendants.** The Clerk of Court is also **DIRECTED** to **TERMINATE** Defendants **WHIK COTTON** and **JOHN DOE** as parties in CM/ECF.

**IT IS ORDERED** that **COUNT 1** against Defendants **SPILLER, HART, BROOKMAN, LASHBROOK** and **BALDWIN** and **COUNT 2** against Defendants **LASHBROOK** and **BALDWIN** survive preliminary review under 28 U.S.C. § 1915A. However, **COUNT 2** is **DISMISSED** without prejudice against all other defendants for failure to state a claim.

**IT IS ORDERED** that **COUNTS 3** and **4** are **DISMISSED** without prejudice against all defendants for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **SPILLER, HART, BROOKMAN, LASHBROOK** and **BALDWIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order Severing Case to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, this entire matter is **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his IFP application to proceed was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/7/2018**

s/ STACI M. YANDLE
**U.S. District Judge**

### Notice

**The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**