IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMANDO GUTIERREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-01478-SMY-RJD |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories and for Sanctions Under Rule 37 (Doc. 69). Defendants oppose the motion (Doc. 71). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

### Background

Plaintiff submitted his First Requests for Production of Documents and First Set of Interrogatories to Defendants John Baldwin, Jacqueline Lashbrook, William Spiller, Kent Brookman, and Jason Hart (Doc. 69-1), but did not receive responses. At the time of the filing of the motion to compel, 108 days had passed since the discovery was served on Defendants. Plaintiff seeks an order finding that Defendants have waived all objections to the pending discovery requests and ordering Defendants to fully and completely respond. Additionally, Plaintiff requests sanctions in the amount of $2567.50 for attorney fees incurred in the preparation of the motion to compel.

Defendants filed a Response requesting that the Court deny Plaintiff's motion and allow Defendants additional time to respond to Plaintiff's discovery responses including all objections

(Doc. 71). According to the response, Defendants' counsel encountered significant difficulty completing the responses due to issues related to the COVID-19 pandemic and working remotely. Counsel was working without support staff and had to cover the responsibilities of her paralegal, law clerk, and secretary. After being instructed to work remotely, she was initially unable to access her case files from her personal home computer and later she had connectivity issues with the virtual private network that allowed her to access the case files.

## Discussion

Under Federal Rule of Civil Procedure 37(a)(3), a party may move for an order compelling disclosure or discovery when a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." FED.R.CIV.P. 37(a)(3). "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED.R.CIV.P. 37(a)(5)(A). There are three exceptions: 1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" 2) "the opposing party's nondisclosure, response, or objection was substantially justified;" and 3) "other circumstances make an award of expenses unjust." *Id.*

Rule 33(b)(4) provides that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED.R.CIV.P. 33(b)(4). Rule 34 does not contain express waiver language regarding untimely objections but district courts in the Seventh Circuit have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4). *See,*

*e.g., Schloss v. City of Chicago*, No. 18 C 1880, 2020 WL 4339282, at *4 (July 28, 2020 N.D. Ill.); *Whitlow v. Martin*, 259 F.R.D. 349, 354 (July 22, 2009 C.D. Ill.).

There is no question that Defendants must be required to provide responses to the discovery requests. The issue is whether any objections should be deemed waived. While the Court is mindful of the seriousness of the failure to respond to Plaintiff's requests, there were exceptional and unprecedented circumstances. The delay was caused by counsel dealing with those circumstances and not Defendants. "The imposition of waiver of objections for untimely discovery responses is a "harsh sanction," and, consequently, is reserved "for cases where the offending party was guilty of unjustified delay when responding to discovery." *Minerly v. Holt*, 3:17-cv-00520-SMY-RJD, 2019 WL 2326120, at *2 (S.D. Ill. May 31, 2019). In this case, the Court finds that waiver of the objections is too harsh a sanction.

## Conclusion

Accordingly, Plaintiff's Motion (Doc. 69) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks an order compelling responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories and Defendants are **ORDERED** to provide responses within fourteen days. To the extent Plaintiff contends the Defendants' objections are waived, the Court excuses Defendants' failure to state timely objections for good cause shown and the motion is **DENIED**. Insofar as Plaintiff moves for sanctions and the payment of expenses, those requests will be addressed in a separate Report and Recommendation that will be submitted to the District Judge.

IT IS SO ORDERED.

DATED:   December 4, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**